**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>              -against-<br><br>**SHANCHUN HUANG,**<br><br>                              **Defendant.** | **1:24-cv-00238 (JHR)** |

**[~~PROPOSED~~] ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

On the Application ("Application") of Plaintiff Securities and Exchange Commission (the "Commission") for an Order:

1. Directing Defendant to show cause why an order should not be entered, pending final disposition of this action:

(a) Freezing Defendant's assets up to the amount of $1,250,000, which amount would include the total amount repatriated pursuant to paragraph 1(b) below;

(b) Ordering Defendant to repatriate $695,014.47, by transferring to the registry of this Court funds totaling that amount held in foreign accounts in Defendant's name, or for Defendant's benefit or under Defendant's direct or indirect control, or for which Defendant exercises control or signatory authority;

(c) Allowing the Commission to conduct expedited discovery concerning Defendant's assets and liabilities; and

(d) Requiring Defendant to provide a sworn accounting of all assets, liabilities, and property currently held, directly or indirectly.

2. Pending adjudication of the relief described in paragraph (1) above, an order:

(a)  Temporarily freezing Defendant's assets up to the amount of $1,250,000, which amount would include the total amount repatriated pursuant to paragraph 2(b) below;

(b)  Temporarily ordering Defendant to repatriate $695,014.47, by transferring to the registry of this Court funds totaling that amount held in foreign accounts in Defendant's name, or for Defendant's benefit or under Defendant's direct or indirect control, or for which Defendant exercises control or signatory authority;

(c)  Allowing the Commission to conduct expedited discovery concerning Defendant's assets and liabilities; and

(d)  Requiring Defendant to provide a sworn accounting of all assets, liabilities, and property currently held, directly or indirectly.

The Court has considered: (1) the Commission's Complaint; (2) the Local Rule 6.1 Declaration of Travis Hill in Support of Plaintiff's Application for an Asset Freeze and Other Relief; (3) the Declaration of Stephen Johnson in Support of Plaintiff's Application for an Asset Freeze and Other Relief and accompany exhibits; (4) the Declaration of Jennifer Youngs in Support of Plaintiff's Application for an Asset Freeze and Other Relief and accompany exhibits; (5) the Declaration of Yitzchok Klug in Support of Plaintiff's Application for an Asset Freeze and Other Relief; ~~and~~ (6) the Commission's Memorandum of Law in Support of Plaintiff's Application for an Asset Freeze and Other Relief; (7) Defendant's Memorandum of Law in Opposition to Plaintiff's Application; (8) the parties' correspondence in connection with Plaintiff's Application, *see* ECF Nos. 34, 38, and 44; and (9) the parties' arguments during conferences with the Court on July 12 and July 22, 2024.

Based on the foregoing documents, the Court finds that a proper showing, as

required by Federal Rule of Civil Procedure 65(b) and Local Civil Rule 6.1(d), has been made for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that the Commission has shown a likelihood of success on the merits of its claim, or at least an inference, that Defendant has violated Sections 9(a)(2), 10b, and 16(a) of the Exchange Act [15 U.S.C. §§ 78i(a)(2), 78j(b), and 78p(a)] and Rules 10b-5(a), 10b-5(c), and 16a-3 [17 C.F.R. §§ 240.10b-5(a), 240.10b-5(c), and 240.16a-3] thereunder by intentionally trading Future FinTech stock in a manner which artificially inflated Future FinTech's stock price and failing to disclose his ownership of and transactions in Future Fintech stock.

2.      It appears that, while the Commission's original motion for an asset freeze in this action was pending (Dkt. No. 9), Defendant sold his real property located at 8 Sea Isle Landing, Unit 8, Glen Cove, New York (the "New York Property") and transferred the proceeds offshore to his spouse without notifying this Court or the Commission.

3.      It appears that an order freezing Defendant's assets, as specified herein, is necessary to preserve the status quo and to protect the Commission's ability to collect on any final judgment of this Court ordering Defendant to pay a civil penalty.

4.      It appears that an order requiring Defendant to repatriate $695,014.47—the proceeds from Defendant's sale of the New York Property—is necessary to preserve the status quo and to protect the Commission's ability to collect on any final judgment of this Court ordering Defendant to pay a civil penalty.

5.      Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is therefore appropriate for the Court to issue this Order to Show

Cause so that prompt service on Defendant and appropriate financial institutions can be made, thus preventing the dissipation of assets.

6.    This Court has jurisdiction of the subject matter of this action and over Defendant, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that Defendant Shanchun Huang shall appear before this Court at ⸻ ⸺m. on ⸻ ⸻, 2024, in Room 12B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, to show cause why the Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure directing that, pending a final disposition of this action, Defendant and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XI of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under Defendant's control, whether in their name or for their direct or indirect beneficial interest, and directing each of the financial and brokerage institutions, debtors and

*(handwritten note: a date and time to be determined)*

4

bailees, or any other person or entity holding such assets, funds or other property of Defendant to hold or retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendant's name, held by Defendant, or under Defendant's control, up to the amount of $1,250,000, which amount shall include funds repatriated pursuant to Section II below.

## II.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court should not also enter an Order that directs that (a) Defendant shall repatriate $695,014.47 by transferring to the registry of this Court funds totaling that amount held in foreign accounts in Defendant's names, or for Defendant's benefit or under Defendant's direct or indirect control, or for which Defendant exercises control or signatory authority; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Defendant, such assets shall become subject to the restrictions described in paragraph I, above; and (c) with respect to any other asset owned and/or controlled by Defendant that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

## III.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court should not permit the Commission to conduct expedited discovery as to Defendant's assets and liabilities as follows:

    (a) Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on five (5) ~~two (2)~~ calendar days'

notice of any such deposition.  Depositions may be taken Monday through Friday ~~Saturday~~.  As to Defendant and his agents, brokers, servants, representatives, and associates, the Commission may depose such witnesses after serving a deposition notice by email, facsimile, hand or overnight courier on such individuals, and without serving a subpoena on such witness.  Deposition transcripts which have not been signed by the witness may be used for purposes of any hearing on the Commission's instant application;

(b) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Defendant shall answer the Commission's interrogatories within five (5) ~~three (3)~~ calendar days of service of such interrogatories;

(c) Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall produce all documents requested by the Commission within five (5) ~~three (3)~~ calendar days of service of such request, with production of the documents made to Travis Hill, U.S. Securities and Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

(d) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant shall respond to the Commission's requests for admissions within five (5) ~~three (3)~~ calendar days of such requests;

(e) All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by email, by hand, or by overnight courier to the Commission to the attention of Travis Hill, U.S. Securities and Exchange Commission, 100 Pearl Street, Suite 20-100, New York,

New York 10004, or such other place and person as counsel for the Commission

may direct in writing; and

(f)  That Defendant's deposition be permitted to be taken by video.

The Commission proposes that discovery as requested herein be completed within

thirty (30) days of the entry of the Court's order allowing same.

## IV.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this

Court should not enter an Order requiring Defendant to file with this Court, and serve upon

the Commission, within a time specified by this Court, a verified written accounting, signed by

the Defendant, and under penalty of perjury, setting forth: (1) all assets, liabilities, and

property currently held, directly or indirectly, by or for the benefit of the Defendant; (2)

identifying all bank accounts used by Defendant since 2019 through the date of the

accounting; (3) the identity of all bank accounts to which Defendant transferred funds

(including the beneficial owner to the recipient account); and (4) the purpose for each

transfer of funds or securities. Such accounting should be accompanied by backup

documentation demonstrating the validity and accuracy of the information provided.

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application, Defendant and each of his financial and brokerage institutions,

agents, servants, employees, and attorneys, and those persons in active concert or

participation with him who receive actual notice of such Order by personal service, facsimile

service, telephonic notice, email notice, any other means permitted in Section XI of this

Order, or otherwise, and each of them, hold and retain within their control and otherwise

prevent (except to the extent this Order requires any transfer to repatriate assets to the

United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation,

concealment or other disposal (including the use of any credit cards or any other incurring of

debt) of any assets, funds, or other property (including money, real or personal property,

securities, commodities, choses in action or other property of any kind whatsoever, in

whatever form such assets may presently exist and wherever located) of, held by, or under

Defendant's control, whether in their name or for their direct or indirect beneficial interest,

and directing each of the financial and brokerage institutions, debtors and bailees, or any

other person or entity holding such assets, funds or other property of Defendant to hold or

retain within its control and prohibit the withdrawal, removal, transfer or other disposal of

any such assets, funds or other properties, including without limitation all assets, funds, or

other properties held in Defendant's name, held by Defendant, or under Defendant's control,

up to the amount of $1,250,000, which amount shall include funds repatriated pursuant to

Section VI below.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application, (a) Defendant shall repatriate $695,014.47 by transferring to the

registry of this Court funds totaling that amount held in foreign accounts in Defendant's names, or

for Defendant's benefit or under Defendant's direct or indirect control, or for which Defendant

exercises control or signatory authority; (b) with respect to all funds and assets outside the

jurisdiction of this Court that are repatriated by Defendant, such assets shall become subject to the

restrictions described in paragraph V, above; and (c) with respect to any other asset owned and/or

controlled by Defendant that is now located outside the jurisdiction of this Court (including, but not

limited to, any monies, securities, or real or personal property), the Defendant shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

**VII.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, the Commission should be permitted to conduct expedited discovery as to Defendant's assets and liabilities, as follows:

(a)     Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on five (5) two (2) calendar days' notice of any such deposition.  Depositions may be taken Monday through Friday Saturday.  As to Defendant and his agents, brokers, servants, representatives, and associates, the Commission may depose such witnesses after serving a deposition notice by email, facsimile, hand or overnight courier on such individuals, and without serving a subpoena on such witness.  Deposition transcripts which have not been signed by the witness may be used for purposes of any hearing on the Commission's requests as to the New York Property or substitute assets;

(b)     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Defendant shall answer the Commission's interrogatories within five (5) three (3) calendar days of service of such interrogatories;

(c)     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall produce all documents requested by the Commission within five (5) three (3) calendar days of service of such request, with production of the documents

made to Travis Hill, U.S. Securities and Exchange Commission, or such other

person or place as counsel for the Commission may direct in writing;

(d)    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant

shall respond to the Commission's requests for admissions within five (5)

~~three (3)~~ calendar days of such requests;

(e)    All written responses to the Commission's requests for discovery under the

Federal Rules of Civil Procedure shall be delivered by email, by hand, or by

overnight courier to the Commission to the attention of Travis Hill, Securities

and Exchange Commission, New York Regional Office, 100 Pearl Street,

Suite 20-100, New York, New York 10004, or such other place and person as

counsel for the Commission may direct in writing; and

Pending a hearing and determination of the Commission's Application, Defendant is permitted to conduct "limited and appropriate" reciprocal discovery. ECF No. 44 at 1.

(f)    That Defendant's deposition be permitted to be taken by video.

The Commission proposes that discovery as requested herein be completed within

thirty (30) days of the entry of the Court's order allowing same.

**VIII.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application, Defendant, within  5  business days of the date of this Order,

shall file with this Court, and serve upon the Commission, within a time specified by this

Court, a verified written accounting, signed by the Defendant, and under penalty of perjury,

setting forth: (1) all assets, liabilities, and property currently held, directly or indirectly, by or

for the benefit of the Defendant; (2) identifying all bank accounts used by Defendant since

2014 through the date of the accounting; (3) the identity of all bank accounts to which

Defendant transferred funds (including the beneficial owner to the recipient account); and

(4) the purpose for each transfer of funds or securities. Such accounting should be accompanied by backup documentation demonstrating the validity and accuracy of the information provided.

## IX.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon Defendant (or his attorneys who agree to accept service on his behalf) on or before  July 31, 2024, by personal delivery, facsimile, email, overnight courier, international express mail, or first-class mail and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation or legal entity that may be subject to any provision of this Order. For purposes of notice of anyone in possession of documents, records, assets, funds, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or electronic mail. The Commission shall file proof of service.

## X.

**IT IS FURTHER ORDERED** that ~~Defendant shall deliver any opposing papers in response to the Order to Show Cause no later than _____ ___, 2024, at 5:00 p.m. Service shall be made by that date and time by emailing the papers to hilltr@sec.gov and klugy@sec.gov or by sending the papers by overnight courier service to the New York Regional Office of the Commission at 100 Pearl Street, Suite 20-100, New York, NY 10004, Attn: Travis Hill, or such other place as counsel for the Commission may direct in writing. The Commission shall have until _____ ___, 2024, at 5:00 p.m., to serve, by the most~~

~~expeditious means available, any reply papers upon Defendant or his counsel~~ the parties shall meet and confer and, by **Friday, August 2, 2024**, file a letter proposing a briefing schedule and addressing whether any preliminary injunction hearing should be consolidated with trial on the merits.

**XI.**

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendant, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

**SO ORDERED.**

Dated:      New York, New York
            July 29, 2024
            6:48 p.m.

HON. JENNIFER H. REARDEN