USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **9/6/2024**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                  **Plaintiff,**

      -against-

SHANCHUN HUANG,

                  **Defendant.**

1:24-cv-00238 (JHR)

## STIPULATION AND [PROPOSED] CONSENT ORDER IMPOSING INTERIM RELIEF AGAINST DEFENDANT SHANCHUN HUANG

**WHEREAS** on January 11, 2024, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint;

**WHEREAS** on July 9, 2024, the Commission filed a proposed Order to Show Cause, and supporting papers, including a memorandum of law, declarations, and exhibits, for its emergency application for a temporary restraining order, preliminary injunction, asset freeze, repatriation, and other relief (Dkt. Nos. 27-33);

**WHEREAS** on July 29, 2024, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief ("July 29 Order") (Dkt. No. 45);

**WHEREAS** Defendant Shanchun Huang ("Defendant") (1) has entered a general appearance; (2) has accepted service of the Complaint through counsel, acknowledged receipt of the Complaint by such means on February 7, 2024, and waived service of the Summons; (3) has acknowledged that he received a copy of the July 29 Order; (4) has consented to the Court's jurisdiction over him and the subject matter of this action; (5) has moved to Dismiss the Complaint (Dkt. Nos. 15, 16, 20) ("Motion to Dismiss") and opposed the Commission's Motions for Order

to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Seeking Other Relief ("Commission's Motions"); (6) hereby consents to entry of this order (the "Order") without admitting or denying the allegations of the Complaint or the Commission's Motions or waiving any defense or argument including all defenses or arguments asserted in the Motion to Dismiss; (7) hereby waives findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure ("Federal Rule") 65 as related solely to this Order; (8) hereby agrees that he will not oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Federal Rule 65(d) and hereby waives any objections based thereon; and (9) hereby waives any right to appeal as solely related to this Order, other than as part of an appeal of the final disposition of this case by this Court;

   **WHEREAS** the Commission has opposed the Defendant's Motion to Dismiss (Dkt. No. 18);

   **WHEREAS** the Commission and Defendant hereby consent to dissolving the Temporary Restraining Order issued by the Court in the July 29 Order;

   **WHEREAS** the Commission hereby withdraws its request for repatriation, expedited discovery, and a verified financial accounting as part of the Commission's application for a preliminary injunction currently pending before the Court (Dkt. No. 27);

   **WHEREAS** Defendant hereby withdraws his pending request for attorneys' fees (Dkt. No. 56);

   **WHEREAS** Defendant owns more than 77,626 shares of MARS Acquisition Corp. ("MARX"), which shares are held in Defendant's name on the books of Continental Stock Transfer & Trust Company ("Continental"), a transfer agent, and which shares the

Commission and Defendant agree on the date hereof that the total value of all such shares exceeds the sum of $850,000, which is the amount that the Commission seeks to freeze;

**WHEREAS** the Commission and Defendant have agreed to resolve the Commission's request for an asset freeze as part of the Commission's application for a preliminary injunction (Dkt. No. 27) through the terms set forth in this Stipulation and Order;

**WHEREAS** the Commission and Defendant agree (1) that, as long as Defendant complies with the terms of this Order, the Commission will not seek any further temporary or preliminary relief (including repatriation of funds) under Federal Rule 65, expedited discovery, or a verified accounting; (2) that the Commission retains its right to seek any and all available remedies for contempt if Defendant does not comply with the terms of this Order; and (3) that the Commission retains the right to move to modify this Order if Defendant does not comply with this Order;

**WHEREAS**, in connection with this Stipulation and Proposed Consent Order, the Court has considered the papers filed by both parties concerning the temporary and preliminary relief the Commission requested and both telephonic hearings the Court has held on these issues;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Commission, by its undersigned counsel, and Defendant, by his undersigned counsel, that, based on the foregoing record, a sufficient showing, as required by Federal Rule 65(b) and Local Civil Rule 6.1(d), has been made for the interim relief the parties have agreed to and that the Court grants herein:

## I.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendant and each of his financial and brokerage institutions, agents, servants, employees, and the transfer agent on the books of which the shares of MARX are held, and those persons in active

3

concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section III of this Order, or otherwise, and each of them, hold and retain and otherwise prevent, to the extent such shares are under their custody or control, any withdrawal, transfer, sale, trade, pledge, encumbrance, assignment, dissipation, concealment or other disposal of 77,626 MARX shares (the closing market price of which on August 30, 2024, was $10.95 per share thereby establishing a value of no less than $850,000), currently located on the books of Continental and held in Defendant's name. Defendant shall direct each of the financial and brokerage institutions, debtors and bailees, the transfer agent on the books of which the shares of MARX are held, or any other person or entity holding such assets of Defendant to hold or retain within its control not fewer than 77,626 MARX shares held in Defendant's name, and prohibit the withdrawal, removal, transfer, or other disposal of such MARX shares, pending further order of this Court. Transfer Agent or custodian of shares (Continental) shall provide the Commission a monthly account statement showing the number of MARX shares held in Defendant's name to ensure that the number of MARX shares held by the transfer agent in Defendant's name do not fall below 77,626 MARX shares.

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, no person or entity, including any creditor or claimant against Defendant, or any person acting on behalf of such creditor or claimant, shall take any action without further order of the Court to interfere with the transfer agent's holding of Defendant's 77,626 MARX shares subject to this Order or otherwise taking control, possession, or management of the 77,626 MARX shares subject to this Order.

## III.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendant and each of his agents, servants, employees, transfer agents, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, e-mail, facsimile, or otherwise.

## IV.

**IT IS FURTHER ORDERED** that the July 29 Order is hereby dissolved.


STIPULATED AND AGREED TO:


Date: <u>September 3, 2024</u>                     By: <u>Travis Hill</u>

Travis Hill
Yitzchok Klug
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 336-9135 (Hill)
hilltr@sec.gov

Jennifer A. Youngs (*pro hac vice*)
Securities and Exchange Commission
100 F Street N.E. / Mail Stop 5631
Washington, D.C. 20549-5631

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

Date: September 3, 2024

By: _____

Seth B. Waxman (NY Bar No. 4324638)
Jacob S. Frenkel (*pro hac vice forthcoming*)
Brooks T. Westergard (*pro hac vice*)
Michael M. Beckwith (*pro hac vice*)
Justin J. Bustos (*pro hac vice*)
Dickinson Wright PLLC
International Square
1825 I St., N.W., Suite 900
Washington, D.C. 20006
(775) 343-7510 (Westergard)
BWestergard@dickinsonwright.com

*Attorneys for Defendant Shanchun Huang*

**SO ORDERED.**

Dated:        New York, New York
             September 6, 2024

_____
HON. JENNIFER H. REARDEN