UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
SECURITIES AND EXCHANGE COMMISSION,        :
                                           :
                        Plaintiff,         :
                                           :        24cv238 (DLC)
            -v-                            :
                                           :        OPINION AND
SHANCHUN HUANG,                            :            ORDER
                                           :
                        Defendant.         :
                                           :
----------------------------------------- X
APPEARANCES:

For plaintiff Securities and Exchange Commission:

Antonia Marie Apps
Jack Kaufman
Yitzchok Klug
Travis Hill
Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, New York 10004

Jennifer Youngs
Securities and Exchange Commission
Division of Enforcement
100 F Street, NE
Washington, DC 20549

For defendant Shanchun Huang:

Brooks Todd Westergard
Justin J. Bustos
Michael Murray Beckwith
Dickinson Wright PLLC
100 West Liberty Street, Suite 940
Reno, Nevada 89501

Seth Brian Waxman
Mitchell Sandler PLLC
2020 K Street NW
Washington, DC 20006

DENISE COTE, District Judge:

Defendant Shanchun Huang has moved to dismiss two of the three claims brought against him by the Securities and Exchange Commission ("SEC") in this market manipulation case.  For the following reasons, the motion is denied.

## Background

The following facts are taken from the SEC's complaint. They are assumed to be true for the purpose of deciding this motion.

Future FinTech was incorporated in 1998.  In 2017, it entered the business of e-commerce and blockchain technology. In 2019, its stock price dropped below $1 per share.  In November, Nasdaq notified the company that it had 180 days to meet Nasdaq's minimum bid price requirement of $1 or face delisting.

In late 2019 or early 2020, Future FinTech's founder approached Huang about him becoming the company's CEO.  On January 13, 2020, Huang's securities account began trading Future FinTech stock for the first time.  Huang was the sole account holder and the only person with authority over the account.  The only stock traded in the account was Future FinTech stock.  On March 4, Huang was named the company's CEO.

Between January 13 and March 4, 2020, Huang purchased over 500,000 Future FinTech shares and made no sales.  On February 21, 2020, the company's share price closed above $1 for the first time.  Huang often placed multiple buy orders in short timeframes, placed limit buy orders with escalating limit prices from one order to the next, and bought at the top of the NBBO spread.  On some days, Huang's purchases accounted for a quarter or more of the daily trading volume in the stock.

On April 16, 2020, Future FinTech filed an SEC Form 8-K reporting that the company was in compliance with the Nasdaq Rule regarding its stock price.  The company's stock had closed above $1 per share for ten consecutive days.

In ten transactions between March 23 and June 19, 2020, Huang loaned $289,000 to Future FinTech.  Close to $260,000 of that amount came from the proceeds of Huang's trading in its stock.  During the period between January 2020 and January 2021, Huang's securities account purchased 667,000 Future FinTech shares and sold 575,000 of those shares in 390 transactions. Huang used the account to fund his personal expenses as well as to make the loan to Future FinTech.

The offshore financial institution holding Huang's account conducted an internal review for suspicious trading activity and on January 4, 2021, froze the account.  On January 8, Future

3

FinTech repaid Huang's loan.  On February 8, the institution informed Huang that it would no longer provide him with banking services.  His securities account was liquidated on March 3.  It held over 100,000 shares of Future FinTech, which were sold at close to $6 per share.  The account was closed on March 10.

Huang belatedly filed an SEC Form 3 on March 12, 2021, roughly one year after it was due.  In the Form, he reported that he did not own any shares in Future FinTech.  Huang never filed any Form 4 or 5 disclosing his stock transactions in Future FinTech.

On January 11, 2024, the SEC filed its complaint against Huang.  The complaint contains three claims: two market manipulation claims, alleging violations of §§ 9(a)(2) and 10(b) of the Exchange Act, 15 U.S.C. §§ 78i(a)(2) and 78j(b), and Rules 10b-5(a) and (c), and a third claim alleging a violation of § 16(a) of the Exchange Act and Rule 16a-3.

On May 7, 2024, Huang moved to dismiss the two market manipulation claims.  The motion was fully submitted on May 28, 2024.  This action was reassigned to this Court on December 5, 2025.

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

4

to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint alleging fraud, including market manipulation, must also satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b).  ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 101 (2d Cir. 2007).  Under Rule 9(b), parties alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  This requirement is satisfied if the complaint sets forth, "to the extent possible, 'what manipulative acts were performed, which defendants performed them, when the manipulative acts were performed, and what effect the scheme had on the market for the securities at issue.'"  ATSI, 493 F.3d at 102 (citation omitted).  "General allegations not tied to the defendants or resting upon speculation are insufficient."  Id.

To state a claim for market manipulation, the SEC must allege, among other elements, that the defendant engaged in manipulative acts with the requisite scienter.  Id. at 101.  "Proof of scienter need not be direct, but may be 'a matter of inference from circumstantial evidence.'"  Wechsler v. Steinberg, 733 F.2d 1054, 1058 (2d Cir. 1984) (citation omitted).

5

Manipulative acts are those "aimed at deceiving investors as to how other market participants have valued a security." ATSI, 493 F.3d at 100.  "The gravamen of manipulation is deception of investors into believing that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand . . .."  Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 130 (2d Cir. 2011) (citation omitted).  When determining whether activity falls outside of that natural interplay, courts consider whether it sends a "false pricing signal to the market."  Id. (citation omitted).

Huang makes three arguments in support of his motion to dismiss the market manipulation claims.  None of these arguments has merit.

Huang first asserts that the complaint fails to plead that Huang was the person who engaged in the trading activity in the account.  It points to the complaint's acknowledgement that some of the trading in February 2020 and on four dates in March through June 2020 appears to have been done from locations where Huang was not residing.  But the complaint alleges that Huang was the sole account holder and used the proceeds from the trading in Future FinTech to fund personal expenses and a loan to the company.  This is more than sufficient to plead Huang's knowing involvement in the trading at issue.

Huang next asserts that the complaint fails to plead market manipulation because it does not allege that Huang's trading injected false information into the marketplace.  As already described, the key ingredient of a market manipulation claim is proof that the defendant engaged in trading intentionally "aimed at deceiving investors as to how other market participants have valued a security."  ATSI, 493 F.3d at 100.  The detailed factual allegations in the complaint, including patterns of Huang's trading on individual days, are sufficient to plead that Huang intended to mislead the market and drive the price of Future FinTech's stock higher than it would otherwise have been without his participation in the market.

Finally, Huang asserts that the complaint fails to plead facts sufficient to show a strong inference of fraudulent intent.  He is wrong.  The complaint's description of his use of manipulative trading techniques is sufficient to support an inference of fraudulent intent.  In addition, however, his failure to disclose his ownership of Future FinTech stock, as required by the securities laws, is powerful evidence that he acted with the requisite scienter.[1]

---

[1] The defendant's argument about "puzzle pleading" is itself a puzzle and need not be addressed.

## Conclusion

The defendant's May 7, 2024 motion to dismiss is denied.


Dated:    New York, New York
          January 14, 2026

_____
DENISE COTE
United States District Judge